LOUISVILLE & NASHVILLE RAILROAD CO. *v.* C. H. MITCHELL.

**Boundaries—Instruction.**

An instruction in an action involving the boundary of land, that if the lot or boundary or the division between the heirs commenced at a corner at the intersection of the two lines running from the lines, T. and B. as appears on the plat, at a stake, the corner should be fixed where these lines intersect, and if the position of the corners called for as P.'s corner by the commissioner is not identified by the proof, the stake called for as P.'s corner should be fixed by running the line in the course called for, from the intersection to the end of the distance, and in so running the line it leaves the station of the defendants and the improvements with the land in controversy outside of plaintiff's boundary, the verdict should be for the defendant, is a correct statement of the law.

**Boundaries—Lines and Corners Fixed by Commissioners.**

In case of a disputed boundary, if the commissioners have run the line and fixed the corners in making the allotment, such corners and lines must govern, and if there is a mistake by which all the land is not included in the division, it can be corrected only by a court of equity, and not by ejectment.

**Boundaries—Survey.**

It was held that the surveyor in attempting to locate a disputed corner should locate it at the point fixed by the commissioners who made division of the land.

APPEAL FROM WARREN CIRCUIT COURT.

October 2, 1873.

OPINION BY JUDGE PRYOR:

The difficulty in determining the rights of the parties to the land in controversy originated from the trouble in properly locating the corners of the survey made by the commissioners in allotting the land of Ephraim Blackford between his heirs. If the Percell corner can not be found, or rather, the corner fixed by the commissioners in the allotment of this land as Percell's corner, then the mode of ascertaining the corner is as recited in instruction No. 4, asked by the defendant. Instruction No. 1 was properly refused, as also instruction No. 6, asked by counsel for defendant, as they both ignore all the proof as to where the black jacks stood on the corner as fixed by the commissioners, although the black jacks may be gone, still, if the corner can be identified as made by the commissioners, it must be regarded as the true corner.

Instruction No. 2 asked by the defendant, should be given. The jury is told by that instruction that if lot No. 8 in the division between Blackford's heirs commenced at the corner at the intersection of the two lines running from the letters T and B, as appears on the plat, at a stake, then said corner should be fixed where these lines intersect, and if the position of the corners called for as Percell's corner by the commissioners is not identified by the proof, the stake called for as Percell's corner· should be fixed by running the line the course called for, from the intersection to the end of the distance and in so running the line it leaves the station of the defendants and the improvements with the land in controversy outside of plaintiffs' boundary, the verdict must be for the defendants. This instruction is to some extent modified from instruction No. 2, and should be given as herein written. If, in the division between the heirs, the commissioners located their corner in controversy at a different point than at what is known as Percell's corner, the corner as fixed by the commissioners must govern. It is true that when one is claiming to the extent of his boundary and makes a mistake as to where the boundary is, still in law he is presumed to hold to the real boundary. In this case, however, if the commissioners have run the lines and fixed the corners in making the allotment, these corners and lines must govern, as each heir is entitled

to no more than is allotted to him, and if there is a mistake by which all the land is not included in the division, this can be corrected only in a court of equity and not in an action of ejectment. We do not adjudge by this opinion where this disputed corner is located, as this is a question of fact for the jury, but what we do adjudge is: "that the surveyor should, in attempting to locate the disputed corner, locate it at the point as fixed by the commissioners who made the division." If the commissioners located the Percell corner at the point as designated by the original patents or deeds, then this must be regarded as the true corner; if they locate the Percell corner at another and different point, then this location must be regarded as the corner. In other words, the corners as fixed by the commissioners, must control. We think the instructions refused took from the jury the right to locate the corner at any other point than the one designated by the original deeds.

The judgment of the court below is reversed and cause remanded with directions to award the appellant a new trial and for further proceedings consistent with this opinion.

*Underwood, for appellant.*

*J. P. Bates, for appellee.*